GLOUCESTER IRON-WORKS *v.* BOARD OF WATER COM'RS.

(*Supreme Court, General Term, Second Department.* May 12, 1890.)

ACTIONS—CONSOLIDATION.

Plaintiffs sued for the contract price of goods delivered to defendant. The answer averred a failure by plaintiffs to perform their part of the contract, whereby defendant was sued by other parties, and notice was given to plaintiff to assume the defense of such action, which had been referred. *Held*, that a motion by plaintiffs to have the two actions consolidated so that the rights of the respective parties might be adjusted so as to conform to the facts alleged in the moving affidavits, which facts were disputed, was properly denied.

Appeal from special term, Kings county.

Action by the Gloucester Iron-Works against the board of water commissioners of the village of Sing Sing. Plaintiff appeals from an order denying a motion for consolidation of actions, and for further relief.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Moses R. Crow*, for appellant. *Samuel Watson* and *Smith Lent*, for respondent.

BARNARD, P. J. There is no basis for this motion. The plaintiff made a contract with the defendant to deliver iron castings at a certain price agreed upon. Upon a failure to pay the price for the property after its delivery, the plaintiff has brought an action. The answer avers that by the terms of the contract the plaintiff agreed to indemnify and save harmless the defendant for a failure to perform the contract, and avers a failure, whereby the defendant was sued by other parties, which suit is still pending. The pleadings in this action are set forth in the papers. The defendant gave notice to the plaintiff to assume the defense of the action, which is referred to a referee by agreement of the parties to that action. At this state of the two controversies this motion is made, with a design to have the two controversies adjusted so that "the position and standing of the respective parties under the facts as set forth in this [the plaintiff's] affidavit" may conform thereto. The facts are disputed, and the two actions must be based upon the real facts as found upon the trial. The motion papers assert that the two actions cannot

be properly joined in one action upon the facts.   The motion was properly denied.    The ordinary method of trial would be replaced by a trial upon affidavits *ex parte*.   Order affirmed, with costs and disbursements.   All concur.